### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FIUMANO, for himself and all others similarly situated, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-465 |
| | : | |
| METRO DINER MANAGEMENT LLC, et al., | : | |
| Defendants. | : | |

**July 13, 2023**                                                   **Anita B. Brody, J.**

### <u>MEMORANDUM</u>

Plaintiff Joseph Fiumano, on behalf of himself and all others similarly situated ("Plaintiffs"), brought this collective action against Metro Diner Management LLC, Metro Services LLC, MD Original LLC ("MD Original"), Consul Hospitality Group LLC ("CHG"), John Davoli, Sr., and Mark Davoli (collectively, "Defendants" or "Metro Diner") for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").[1] Parties filed cross-motions for summary judgment. On February 7, 2023, I denied Plaintiffs' motion for summary judgment on the tip pool claim and the 80/20 claim. I granted in part and denied in part Defendants' motion for summary judgment.[2] Now, Defendants move to reconsider the denial of summary judgment on the tip pool claim. *See* Defs.' Mot. for Recons., ECF No. 250. I held oral argument on the motion on June 6, 2023. Hr'g Tr., ECF No. 257. For the reasons set forth below,

---

[1] Additionally, Fiumano brings claims for violation of the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Cons. Stat. § 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 *et seq.* I exercise federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

[2] For an extensive factual and procedural history of the case and disposition of the cross-motions for summary judgment, *see* Feb. 7, 2023 Mem. & Order, ECF Nos. 245 & 246.

I will grant Defendants' motion to reconsider and Defendants' motion for summary judgment on the tip pool claim.

## I. LEGAL STANDARD

In order to prevail on a motion for reconsideration, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *Id.*  "[T]he court is obliged to take account of the entire setting of the case on a Rule 56 motion."  10A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 2721 (4th Ed. 2020); *see also Brown v. Borough of Mahaffey, Pa.*, 35 F.3d 846, 850 (3d Cir. 1994) (directing the district court on remand to determine the issue "based on consideration of the entire record . . . .").  The summary judgment standard is the same for cross-motions as it is when only one party moves for summary judgment.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016).

## III. DISCUSSION

Defendants argue that the Court should reconsider its prior February 7, 2023 Memorandum and Order on the basis that the Court committed clear error in finding a genuine dispute of material

fact on whether Metro Diner Bussers were engaged in a tipped occupation under the FLSA.  Defs.'
Mot. for Recons. 13, ECF No. 250.  I agree with Defendants that I committed a clear error of fact
by overlooking testimony provided by Servers that establishes there is no genuine dispute of
material fact as to whether Bussers were engaged in a tipped occupation as understood by the
Department of Labor ("DOL").  Summary judgment on the inclusion of Bussers in the tip pool
should have been granted.

Defendants suggest that I overlooked evidence in the Record that showed Metro Diner
Bussers were engaged in a tipped occupation, as guided by the DOL regulations.  Updated in 2021,
the relevant DOL regulation states:

> Tip-producing work is any work performed by a tipped employee that provides
> service to customers for which the tipped employee received tips . . . The following
> examples illustrate *tip-producing work* performed a tipped employee . . . this list is
> illustrative and is not exhaustive . . . A busser's tip-producing work includes
> assisting servers with their tip-producing work for customers, such as table service,
> including filling water glasses, clearing dishes from tables, fetching and delivering
> items to and from tables, and bussing tables, including changing linens and setting
> tables.

29 C.F.R. § 531.54.  By listing the above occupations and relevant activities in its regulation
interpreting the FLSA, the DOL provides necessary guidance for courts to utilize when
determining whether certain employees are engaged in a tipped occupation by performing certain
job duties.  I agree with Defendants that I failed to consider evidence that showed Metro Diner
Bussers were engaged in one of the above examples that Defendants referenced in their motion for
summary judgment – bussers clearing dishes from tables.  Reconsideration is warranted because
this oversight could "reasonably have resulted in a different conclusion."  *Grondin v. Fanatics,
Inc.*, No. 22-CV-1946, 2023 WL 3674316, at *1 (E.D. Pa. May 24, 2023) (Pratter, J.).

Defendants point to Bussers' responsibilities as stated by Servers in depositions that
describe clearing, setting, and bussing tables.  *See* Defs.' Mot. for Recons. 12-13, ECF No. 250;

Schoedel Dep. 38:4-7, ECF No. 142-11; Baughman Dep. 37:13-38:5 & 92:13-15, ECF No. 142-10; Boone Dep. 37:10-38:7, ECF No. 185-38 ("Like sometimes, [the busser] would be stuck cleaning a whole different table."); Burley Dep. 114:11-114:15, ECF No. 185-39 ("And yes, the bussers cleaned the table and reset them."); Davis Dep. 45:17-46:3, ECF No. 185-42 (". . . and the bussers . . . would clean and reset the tables."); Fiumano Dep. 29:4-29:6, ECF No. 185-43 ("[Bussers] would bus tables. They would reset tables. They would get drinks if needed."). Plaintiffs do not dispute that these were some of Bussers' responsibilities.  At the hearing on the motion, Plaintiffs stated that Bussers had "three main responsibilities" at Metro Diner Restaurants: (1) clearing tables, (2) greeting customers occasionally, and (3) responding to customer inquiries when asked.  Hr'g Tr. 10:45-12:05; 25:35-25:45, ECF No. 257.

The ultimate question at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  All parties agree that Bussers cleared tables at Metro Diner Restaurants during their shifts.  "Clearing dishes from tables" is an example of tip-producing work in the DOL regulations and the testimony in the Record shows that at minimum Bussers were responsible for this task while on a shift.  Although Servers sometimes also bussed tables, Bussers were responsible for that job duty while working a shift.  Kamajian Dep. 23:23-25:15, ECF No. 185-44 ("They're there to bus the tables. That's it."); Knight Dep. 15:8-15:10 & 96:23-97:3, ECF No. 185-45 ("If there was no busser scheduled or the busser left before the shift was over, [servers] ended up having to bus.").  The evidence in the Record is so overwhelmingly one-sided on the question of Bussers clearing tables that it would be reversible error to present this question to a jury.  There is no genuine dispute, therefore, as to whether Metro Diner Bussers performed the assigned job duties to be engaged in a tipped occupation.

**IV. CONCLUSION**

For these reasons, I will grant Defendants' Motion for Reconsideration and, on review, I will grant summary judgment on the inclusion of Bussers in the tip pool in favor of Defendants.


__s/ANITA B. BRODY, J._____
                    ANITA B. BRODY, J.

COPIES VIA ECF